27 C.C.P.A. (Patents)

### GEORGE v. KARSEL.

Patent Appeal No. 4355.

Court of Customs and Patent Appeals.
April 1, 1940.

As Corrected April 29, 1940.

E. W. Shepard, of Washington, D. C., and Howard W. Hodgkins and Milton T. Miller, both of Chicago, Ill., for appellant.

Elwood Hansmann, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences awarding to appellee priority of invention of the subject matter of the appealed counts, 1 to 6, inclusive.

The interference arises between an application of appellant filed June 27, 1935, and an application of appellee filed November 21, 1936 for reissue of patent No. 2,010,920,

issued to appellee on August 13, 1935, on an application filed on March 13, 1935.

Count 1 is illustrative of the involved counts and reads as follows: "1. In a motor vehicle having a closed passenger compartment, an engine compartment, an internal combustion engine in said engine compartment, and a fuel supply for said engine; a heater comprising, a combustion chamber separate from said engine, a carbureting mixing device connected to said fuel supply to receive fuel therefrom, means for conducting the fuel mixture from said carbureting device to said combustion chamber, electrical means to ignite the fuel mixture in said combustion chamber, heat radiating means located in the passenger compartment of the vehicle and deriving heat from the gases of combustion, and a conduit connected between said combustion chamber and the intake manifold of the engine to withdraw the gases of combustion from said chamber."

The invention embraced in the counts is concisely described in appellant's brief. Referring to count 1, it is there stated: "It will be noted that the new elements of the combination as expressed by this count are a heater comprising a combustion chamber, a carbureting mixing device connected to the fuel supply, means for conducting the fuel mixture from the carbureting device to the combustion chamber, electrical means to ignite the fuel mixture, heat radiating means located in the passenger compartment of the vehicle, and a conduit connected between the combustion chamber and the intake manifold of the engine to withdraw the gases of combustion from the combustion chamber."

Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of evidence.

Appellant in his preliminary statement alleged conception of the invention in January 1934, and reduction to practice on November 15, 1934, accompanied by beginning of diligence on October 10, 1934.

Appellee in his preliminary statement alleged conception of the invention in January 1932, and its first reduction to practice on or about March 21, 1932.

Both parties took testimony.

Appellant, after the dates alleged in appellee's preliminary statement became available to him, moved to amend his preliminary statement as follows: first drawing,

November 21, 1931, instead of January 27, 1934; first disclosure, March 10, 1931, instead of January 28, 1934; reduction to practice, March 10, 1931, instead of November 15, 1934, and beginning of diligence March 10, 1931, instead of October 10, 1934.

Appellee, after the close of his testimony, moved to amend his preliminary statement by alleging the first drawing of the invention in November 1931 instead of January 1, 1932; first disclosure on February 15, 1931, instead of January 1, 1932; reduction to practice in January 1932, instead of March 21, 1932, and beginning of diligence in February 1931 instead of January 1, 1932.

Both motions were denied by the Examiner of Interferences and such decision was affirmed by the Board of Appeals. However, both the Examiner of Interferences and the Board of Appeals reviewed all the evidence in behalf of appellant with respect to conception and reduction to practice, and both tribunals agreed that upon such evidence the earliest date to which appellant is entitled for conception of the invention as defined in counts 1, 3, 5 and 6 is December 10, 1934, and to his filing date, June 27, 1935, for constructive reduction to practice; and that, as to counts 2 and 4, appellant was entitled only to his filing date for conception and constructive reduction to practice.

Inasmuch as it appears that appellant introduced testimony with respect to the dates claimed by him in his proposed amended preliminary statement, and it is clear that he would have introduced no additional testimony had his motion to amend been granted, we do not find it necessary to pass upon his contention that the board erred in not granting said motion, for, after considering all of the evidence in the record, we are convinced that the dates awarded to appellant by the Examiner of Interferences and the Board of Appeals were the earliest dates to which he is entitled. See Derby et al. v. Whitworth, 62 F.2d 368, 20 C.C.P.A., Patents, 791.

With respect to appellee's motion to amend his preliminary statement, his counsel stated that he would abandon any claim to amendment of such statement if appellant's motion to amend his preliminary statement was denied. We therefore need not consider appellee's motion to amend his preliminary statement.

Appellant testified that he is an automobile mechanic and in 1931 owned and conducted a small repair shop in Chicago, employing one mechanic, Harry Nash; that on March 10, 1931, he constructed a heater embodying the invention here involved and installed it upon a Hudson 1928 automobile which he owned; that such heater was used for the purpose of heating the automobile and was operated successfully thereon; that he used the car with said heater for approximately four months, when he traded the automobile to the Packard Motor Company, but that, before the car was turned over to said company, the heater was removed by himself and Nash. With respect to the final disposition of the heater appellant testified as follows: "Q. 28. What became of it, that is, the heater? A. The heater was junked when the remainder of my stuff was junked, when I went out of business there."

If corroboration of appellant's testimony was not required we might conclude that appellant had established conception and reduction to practice of the invention on March 10, 1931, even though the subsequent junking of the heater would be some indication that it was not satisfactory and was, in fact, an abandoned experiment. However, it is elementary in patent law that an inventor's testimony with respect to reduction to practice must be corroborated in order to establish such reduction to practice. Both of the Patent Office tribunals held that the testimony of Nash, relied upon for corroboration, was not sufficient for that purpose.

Upon this point the Examiner of Interferences in his decision stated: "In connection with his activities in 1931 the party George submits the testimony of one Harry Nash who worked for him in that year and prior thereto as an automobile mechanic. Nash attempted to describe car heating apparatus made by George in that year but his description conveys no definite impression of the structure of the various parts thereof (pp. 28, 29, 30, 31 George record). He supplemented his description by drawing a crude pencil sketch (George ex. 9) but the sketch together with the description are still insufficiently clear and complete to establish conception as of 1931. A disclosure in order to establish conception must be sufficiently clear and complete to enable a person skilled in the art to proceed to construction and the only way

to demonstrate that such disclosure has taken place is for the testimony regarding it to be likewise clear and complete. For example in his description Nash refers to a "heat booster" and in his sketch at the top shows what appears to be merely a symbolic representation of it. A heat booster is not a standardized structure and a skilled mechanic could not tell from Nash's description just what size, proportions and arrangement to use for a practical construction. The same is true of other parts of the device, particularly the mixing valve for the gasoline and air, which is a device requiring proper adjustment for its correct operation and is not always of simple obvious construction."

After carefully examining the testimony of the witness Nash we are in accord with the views of the Examiner of Interferences above quoted, affirmed by the Board of Appeals.

Appellant testified that in 1933 he built another heater which he attached to a Hudson 1929 car, owned by appellant, for test purposes; that it was not installed upon the car and was not tested in actual road operation of the car. We find no corroboration of appellant's testimony with respect to attachment to an automobile in 1933 of a heater embodying the involved invention, or its experimental testing, and we do not understand that appellant seriously claims that he is entitled to any date in 1933 for conception or reduction to practice of the invention. At any rate he has failed to establish any dates in 1933 upon which he may rely.

Appellant's next activity with relation to the involved invention was, as appears from the evidence, in September 1934; appellant testified that at that time he went to the plant of the Linendoll Corporation in Chicago and there had built a heater in the form shown in his patent application; that several heaters were built, one of which was placed upon appellant's 1929 Hudson automobile early in 1935 and was successfully operated; that the heater was never removed from the car; that in 1937 he sold the car to one Osborne with the heater installed upon it in its original condition. The automobile was produced at the hearing and a demonstration of the operation of the heater installed thereon was made by appellant.

There appears in evidence appellant's Exhibit 15, which is a drawing made by one Oscar Peterson, a draftsman. It bears the date of December 10, 1934. Said Peterson testified that the drawing was made by him on the date it bears, under the direction of appellant. It is conceded that this drawing discloses the involved invention as defined in counts 1, 3, 5 and 6, and both Patent Office tribunals awarded to appellant the date of the drawing for conception of the invention as defined in said counts.

The reason that said date was not awarded to appellant with respect to counts 2 and 4 was because each of these counts requires a power operated fan for circulating the air, and in addition count 4 calls for switch means for controlling the supply of current to the fan motor, neither of which elements was a part of appellant's proven conception of December 10, 1934, or at any other time prior to his filing date. While appellant testified as to the presence of a fan upon both his 1931 and 1934 devices, this testimony is not corroborated, and neither the fan nor the switch is shown upon appellant's Exhibit 15 hereinbefore referred to.

It is, however, immaterial to this case whether appellant be awarded the date of December 10, 1934, or his filing date, June 27, 1935, for conception of the invention defined in counts 2 and 4.

Upon the point of corroboration of appellant's testimony that he reduced the invention to practice in December 1934, the testimony of one Burton Paxton, a chemical engineer, is relied upon. With respect to this testimony the Examiner of Interferences in his decision stated: "In addition to identifying George exs. 14 and 15 Paxton remembered that a combustion chamber corresponding to that shown on the central upper portion of George ex. 15 was tested out at first on a Studebaker motor used for laboratory testing purposes and later either in the latter part of December 1934 or first part of January 1935 on a Hudson sedan owned by the party George (p. 79 George record). The combustion chamber, however, is by no means all of the apparatus making up the invention of the counts and Paxton's testimony improperly leaves it to inference as to what other parts were used. Inference where unnecessary, however, cannot take the place of corroborative testimony and therefore Paxton's testimony cannot be held to establish reduction to practice for George of any of the counts. Moreover, Paxton failed to give any details concerning the results of the tests. The device of exhibit 14 if

installed on a passenger motor vehicle would offer problems in addition to that of merely heating: for example, extent of the steam pressure risk, the effect on car operation of the discharge of hot expanded burnt gases into the intake manifold, and the effect upon operation of the combustion chamber when the reduced pressure in the intake manifold is sharply altered during rapid acceleration. No other witness appearing in George's behalf testified in detail concerning the 1934-1935 tests and therefore reduction to practice of any of the counts is not established by George prior to his filing date June 27, 1935."

Upon this point the Board of Appeals in its decision stated: "Exhibits 14 and 15, sketches made by one Peterson of a heater built in 1934, were made one before and the other after the heater was completed. While this heater has been submitted in evidence, there is no record or other corroborating testimony of any test of such heater as would be normally required in the installation of such on an automobile. The Examiner allowed George no date prior to his filing date, June 27, 1935, for reduction to practice. We believe the examiner is fully warranted in such holding. Unless George can prove a satisfactory reduction to practice at a date much earlier than his filing date, he must fail in proving priority. We believe that George's evidence does not satisfactorily prove such early date."

Upon the record before us we can find no error in the holdings of the Board of Appeals and the Examiner of Interferences. Because of lack of corroboration of appellant's testimony that a device embodying the invention defined in the counts was installed upon an automobile in December 1934 and tested with satisfactory results in December 1934 or January 1935, appellant has failed to establish a reduction to practice of the invention as of said dates.

Neither the Examiner of Interferences nor the board considered appellee's proofs upon the subject of conception and actual reduction to practice of the invention by appellee. Both tribunals found it sufficient to regard appellee's filing date (March 13, 1935) of the application upon which his patent was issued as his date for conception of the invention and its constructive reduction to practice. Upon the dates so awarded the respective parties by the Patent Office tribunals, appellant was chargeable with diligence in reducing the invention to practice from immediately prior to March 13, 1935 (when appellee constructively reduced the invention to practice by filing his application) to appellant's filing date, June 27, 1935.

The examiner specifically held that appellant, during this critical period, had shown no activities toward reducing the invention to practice. An examination of the evidence in the record confirms this holding.

This is one of those cases where the testimony of the inventor himself is persuasive; but the rule requiring corroboration of the testimony of an inventor in cases like that at bar is firmly established in patent law and upon the whole is a very salutary rule.

It is applicable here of course, and we are in agreement with the views of the Patent Office tribunals that the evidence introduced in behalf of appellant does not sufficiently corroborate appellant's own testimony to warrant a finding of reduction to practice of the invention before his filing date.

The situation resulting is that appellant conceived the invention defined in counts 1, 3, 5 and 6 prior to the filing date of appellee's original application, but did not reduce the invention to practice until after the filing date of that application. The appellant not having shown diligence in reducing the invention to practice between appellee's filing date, March 13, 1935, and appellant's own filing date, June 27, 1935, with respect to said counts, and appellant, upon the record before us, not having conceived the invention defined in counts 2 and 4 until after appellee's filing date, March 13, 1935, priority of invention was properly awarded to appellee upon all of the involved counts, and the decision appealed from is affirmed.

Affirmed.